(Decided October 17, 1929.)

*Messrs. Amerman & Mills,* for plaintiff in error.
*Messrs. Harter & Harter,* for defendant in error.

SHERICK, J. This is an error proceeding prosecuted by Thomas Brenner, a minor, by his next friend, George H. Brenner, to reverse a judgment of the common pleas court. The plaintiff in error came into this case in the trial court as a party de-

fendant upon his own motion, as an interested party, after a receiver had been appointed.

The petition filed in the case is as follows:

"Now comes the plaintiff and says he is a member of the Stark County Agricultural Society, a corporation organized under and by virtue of the laws of the State of Ohio, for the purpose of conducting the Stark County Fair, at the seat of said county, to-wit, at the city of Canton, Ohio, and that at the January Term of this Court, one Thomas Brenner, suing by his next friend, recovered a judgment against said Stark County Agricultural Society, et al., in the amount of $35,000.00 (Thirty Five Thousand Dollars), and the plaintiff says that said Society filed its motion for a new trial which said motion was overruled by the Court, and thereafter filed its petition in error in the Court of Appeals of Stark County, praying said Court to vacate, modify and revise said judgment.

"The plaintiff says that an execution has issued to the Sheriff of Stark County, on the judgment aforesaid, and that the defendant, The Stark County Agricultural Society is unable to stay the operation of judgment and that in order to prevent the sheriff from levying upon its assets until the cause in which said judgment was rendered is finally disposed of and in order to preserve the property of said Society during the pendency of said error proceedings, it is necessary that a receiver be appointed to take care of the assets of said corporation and carry forward its purposes until it is judicially determined whether or not said judgment was properly rendered."

The prayer of the petition is for the appointment

of a receiver to take charge of all the assets of the society, and to operate it until such time as the cause in which said judgment was rendered is finally disposed of.

To the petition is attached a waiver of summons and entry of appearance, duly signed by the society. On the same day that the petition was filed, a receiver was appointed, without notice to any one. Two days later the plaintiff in error was made a party defendant to the petition, and, on the same day, Thomas Brenner, the minor, filed therein a general demurrer to the petition for the reason that it does not state a cause of action or confer jurisdiction upon the court to appoint a receiver in this cause, and on the same day a motion was also filed by the minor, in like tenor, and to the effect that the receiver appointed was not eligible to appointment by reason of the fact that he was an interested party. In due course the motion and demurrer were overruled and thereafter the minor, not desiring to plead further, final judgment was entered against him for costs. The errors complained of are the overruling of the motion and demurrer.

The plaintiff in error contends that no relief is asked for in this petition except the appointment of a receiver, and that such receivership is not ancillary to any other proceeding or relief, and that therefore the petition does not state a cause of action and the court was without jurisdiction or power to appoint a receiver. On the other hand, it is asserted by the defendant in error that the petition did state a cause under paragraphs 4, 5 and 6 of Section 11894, General Code.

Upon a careful consideration of the law applic-

able in this case, we are of opinion that the contention of the plaintiff in error is right, and that the position of the defendant in error is not tenable. Our reason in so finding will be briefly stated. It will be noted that the petition contains no averment that the corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or that it has forfeited its corporate rights. In view of such omission therefrom, paragraph 5 of the statute cannot aid the defendant in error.

It is claimed that that part of paragraph 4 of the statute which reads as follows: "Or to preserve it during the pendency of an appeal"—is sufficient to maintain the cause of the defendant in error. We agree with counsel that the word "appeal" in the statute is synonymous with "error." The Legislature has provided, in Section 12265 of the Code, how execution upon a judgment may be stayed in the event error is prosecuted from such judgment. And it does not appeal to this court that the defendant in error, a stockholder of the judgment debtor, perhaps procured by it, may avoid the plain provisions of this statute by recourse to an independent suit for the appointment of a receiver to which the judgment creditor is not a party, when such suit is not ancillary to some other relief or justified under some provision of Section 11894, General Code.

A reading of the main part of this section in connection with paragraph 4 thereof plainly shows that the legislative intent was that a receiver might be appointed in the cause then pending, but not in an independent action. The statute provides:

"A receiver may be appointed by * * * the common pleas court or a judge thereof in his district

\* \* \* in causes pending in such courts respectively: \* \* \* 4. After judgment \* \* \* to preserve it during the pendency of an appeal \* \* \*."

We recognize that this statute is one of procedure and that such are to be construed liberally. But this court is not inclined to usurp legislative prerogative and to write therein that which is not there by express word or implication.

The defendant in error, in the event of failure of his reliance on paragraphs 4 and 5, urges upon us the provision of subsection 6 of the statute, which reads:

"In all other cases in which receivers heretofore have been appointed by the usages of equity."

The maxim "that equity follows the law" is applicable. It does not usurp or supersede it.

"The appointment of a receiver is not an equitable right but an equitable remedy; therefore the appointment of a receiver is not a cause of action in itself, but the appointment of a receiver is an act of the court ancillary to proceedings for the establishment of some right." 1 Clark on Receivers (1st Ed.), Section 36.

And our Supreme Court has said, in *Hoiles* v. *Watkins*, 117 Ohio St., 165, at page 174, 157 N. E., 557, 559, 61 A. L. R., 1203: "The rule in Ohio, in view of the statutory provisions, does not permit the extension of the privilege to appoint receivers as the sole and ultimate relief sought; but the same must be ancillary to the main relief 'in causes pending in such courts.' "

The petition herein discloses no question to be litigated between the parties. A receivership is the sole object sought. The motion of the plaintiff in error should have been sustained and the receiver

discharged. The judgment will therefore be reversed.

*Judgment reversed.*

LEMERT, P. J., and HOUCK, J., concur.